Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOY RACER, INC., ) | Case No. C 11-2534 RS |
| ) | |
| Plaintiff, ) | Hon. Richard Seeborg |
| ) | |
| v. ) | |
| ) | **RESPONSE OF PLAINTIFF** |
| DOES 1–73, ) | **BOY RACER, INC., TO AMENDED** |
| ) | **ORDER TO SHOW CAUSE** |
| Defendants. ) | **REGARDING JOINDER** |
| _____ ) | |

## PLAINTIFF'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE RE: JOINDER

On October 14, 2011, the Court ordered Plaintiff to show cause "why defendants Does 1–73 should not be dismissed without prejudice" from the present action. (Am. Order to Show Cause, ECF No. 26.) The Court's order referenced an order issued by the Honorable Judge Grewal in *Diabolic Video Productions, Inc. v. Does 1–2,099*, No. 10-CV-5865 PSG, 2011 WL 3100404 (N.D. Cal. May 31, 2011).

## ARGUMENT

The United States Court of Appeals for the Ninth Circuit and the United States Supreme Court have both instructed district courts to construe the rules of joinder liberally in order to prevent multiple lawsuits, stating that the joinder of parties is highly encouraged. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); *League to Save Lake Tahoe v. Tahoe Reg. Plan. Agcy.*, 558 F.2d

914, 917 (9th Cir. 1977); *Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551, 554 (N.D. Ill. 1964) (stating the purpose of the joinder rules is, *inter alia*, to "avoid multiplicity of suits."). The overwhelming majority of district courts nationwide—including courts in this District—in similar BitTorrent copyright infringement lawsuits have followed the Supreme Court's mandate. *See, e.g., First Time Videos, LLC, v. Does 1-76*, 11 C 3831 (N.D. Ill. (Aug. 16, 2011) (Bucklo, J.), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *see also, e.g., Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."). Other courts—once again including courts in this District—have chosen a different path. *Diabolic Video Productions, Inc. v. Does 1–2,099*, 2011 WL 3100404.

In this case, Plaintiff's allegations exhaustively satisfy the Fed. R. Civ. P. 20(a)(2) pleading requirements for permissive joinder. Nevertheless, courts have used three methods to justify severance decision in BitTorrent copyright infringement litigation. First, severing courts have failed to consider the entirety of allegations in a complaint. Second, severing courts have assumed an inquisitorial role. Third, severing courts have imposed an unduly rigorous standard for pleading permissive joinder.

This brief consists of two parts. Part I demonstrates that Plaintiff's allegations exhaustively satisfy the pleading requirements for permissive joinder under Fed. R. Civ. P. 20(a)(2). Part II analyzes the legal problems with the three methods that certain courts have used to justify severance at the identifying discovery stage of BitTorrent copyright infringement litigation.

# I. PLAINTIFF'S ALLEGATIONS EXHAUSTIVELY SATISFY THE FED. R. CIV. P. 20(a)(2) PLEADING REQUIREMENTS FOR PERMISSIVE JOINDER

Fed. R. Civ. P. 20(a)(2) permits the joinder of defendants in one action if: 1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of

the same transaction, occurrence, or series of transactions or occurrences; and 2) any question of law or fact common to all defendants will arise in the action. After evaluating the Rule 20(a)(2) requirements, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

### A. Same Transaction, Occurrence or Series of Transactions or Occurrences

Claims arise out of the "same transaction or occurrence" if they share similar factual backgrounds. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Claims possess sufficient factual similarity if they "arise out of a systematic pattern of events." *Bautista v. Los Angeles County*, 216 F.3d 837, 842-43 (9th Cir. 2000). To aid in their application of the "transaction or occurrence test," courts look to how the test is applied in other provisions of the Federal Rules, such as Rule 13(a). *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). The Supreme Court has stated that a "transaction," as used in Rule 13(a), "may comprehend a series of many occurrences, depending not so much upon the immediateness of their own connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Accordingly, "Rule 20 would permit all reasonably related claims by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley*, 497 F.2d at 1333.

Accordingly, so long as Plaintiff's claims arise out of a systematic pattern of events *or* share a logical relationship, then Plaintiff's claims satisfy the first prong of the permissive joinder pleading standard. *See Coughlin*, 130 F.3d at 1350; *Bautista*, 216 F.3d at 842-43; *New York Cotton Exchange*, 270 U.S. at 610. Plaintiff's claims satisfy each independent basis of the first prong of pleading permissive joinder.

First, Plaintiff's claims arise out of a systematic pattern of events because Plaintiff alleged that the Doe Defendants collaborated with one another to distribute a particular file of Plaintiff's copyrighted work. In particular, Plaintiff alleged that the Doe Defendants participated in "a series of transactions that ultimately ended in the Doe Defendants' illicit distribution of Plaintiff's unique

3

copyrighted works [] amongst one another" and explained that "[d]ue to BitTorrent's setup and this concerted action, it is impossible for individuals to simply download files on BitTorrent without the active participation of others." (Compl. ¶ 5.) Plaintiff further alleges that, "[i]n using the P2P BitTorrent file distribution method, each Doe Defendant participated in, aided in, attempted to aid in, or at least knew of the formation and operation of a common-plan conspiracy to unlawfully reproduce and distribute Plaintiff's Work by exchanging pieces of the Work file in a torrent swarm on BitTorrent." (Compl. ¶ 33.) *See also, e.g., Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-02766 MEJ, 2011 WL 3740487 *6 (N.D. Cal. Aug. 24, 2011) ("[T]he Court finds that Plaintiff has at least presented a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of "same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a)(1)(A)).

Second, Plaintiff's claims share a logical relationship. Here, the logical relationship is that the Doe Defendants comprised and participated in the same group of infringers. In particular, Plaintiff alleges that the Doe Defendants "intentionally engaged in concerted action with other Doe Defendants … on BitTorrent by entering the torrent swarm." (Compl. ¶ 5.) To the extent that the Doe Defendants were not contemporaneously participating in the torrent swarm, they nevertheless "contributed to the chain of data distribution." Finally, Plaintiff's Complaint exhaustively describes the nature of the BitTorrent protocol and how it necessitates the deep and sustained collaboration among the Doe Defendants in the swarm. (Compl. ¶¶ 9-17.) These allegations establish a logical relationship among Plaintiff's claims. *Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *4–5 (D.D.C. Mar. 22, 2011) (finding plaintiffs' allegations that: 1) the Doe defendant(s) used BitTorrent; 2) BitTorrent "makes every downloader also an uploader;" and 3) any peer who has completed a download "is automatically a source for the subsequent peer" to be sufficient to make claims against defendant(s) "logically related.").[1]

---

[1] Some courts have seized upon the fact that Doe Defendants *may* have participated in the swarm at different dates and times to justify their severance decision. However, the Supreme Court has rejected the notion that all "transactions and occurrences" must occur contemporaneously. *New York Cotton Exchange*, 270 U.S. at 610 ("'Transaction' is a word of

Although the putative Defendants in this action—when they are identified, named and served with process—may be able to rebut Plaintiff's allegations, Plaintiff has sufficiently alleged that its claims against the Defendants potentially stem from the same transaction or occurrence. *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 11 (D.D.C.) ("While the Court notes that the remedy for improper joinder is severance and not dismissal, … the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct.").

## B. Question of Law or Fact Common to All Defendants

As to the second prong of 20(a)(2), this suit involves questions of law and fact that are common to all defendant(s). Plaintiff's Complaint singles out several legal questions underlying the claims against each defendant. (Compl. ¶ 5.) Further, this suit involves common questions of fact. By way of example, the methods used "to investigate, uncover, and collect evidence about any infringing activity will be the same as to each Doe Defendant." *First Time Videos, LLC v. Does 1-500*, No. 10 C 5254, 2011 WL 3498227, at *2 (N.D. Ill. Aug. 9, 2011). Although each putative Defendant may later present different factual and substantive legal defenses, "that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)." *Call of the Wild Movie*, 2011 WL 996786, at *6.

## C. Prejudice to Any Party or Needless Delay

At this procedural juncture, joinder will avoid prejudice and needless delay for the only party currently in the case, namely the plaintiff. *Call of the Wild Movie*, 2011 WL 996786. Some courts have severed BitTorrent copyright infringement cases at the identification discovery stage of the litigation on the ground of conjectural unmanageability. *See, e.g. Boy Racer v. Does 2-52*, 2011 U.S. Dist. Lexis 86746, at *4 (N.D. Cal.) (Grewal, Mag. J.) (speculating that "each defendant also will likely have a different defense.") However, such severance is improper at this stage where neither Plaintiff nor the Court even knows how many defendants will attend the initial case management conference. By way of example, in a case filed by Plaintiff's counsel in the Northern District of

flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.").

5

Illinois against 28 doe defendant(s), each IP address turned out to be associated with the same individual. *See First Time Videos, LLC, v. Does 1-28*, 11 C 2982 (N.D. Ill. Sept. 26, 2011), ECF No. 15. Had the court there severed the case before the plaintiff had completed early discovery, Plaintiff would have unwittingly filed 28 separate copyright infringement actions against the same anonymous individual. This would have the exact opposite effect of preserving fairness for the defendant in that case.

## II.   THE THREE METHODS USED BY COURTS TO JUSTIFY SEVERANCE AT THIS STAGE OF BITTORRENT COPYRIGHT INFRINGEMENT LITIGATION ARE INCONSISTENT WITH BINDING PRECEDENT

> Unfortunately by a kind of Gresham's Law, the bad, or harsh, procedural decisions drive out the good, so that in time a rule becomes entirely obscured by its interpretive barnacles.
>
> Charles E. Clark, *Special Problems in Drafting and Interpreting Procedural Codes & Rules*, 3 Vand. L. Rev. 493, 498 (1950).[2]

Courts have used three methods to justify severance decision in BitTorrent copyright infringement litigation. First, some courts have failed to consider the entirety of allegations in a complaint. Second, some courts have assumed an inquisitorial role. Third, some courts have even changed the legal standard for permissive joinder. Each of these methods is inconsistent with binding precedent.

### A. Courts Must Consider the Entirety of the Allegations in a Complaint

Many severance decisions in BitTorrent copyright infringement cases—including the *Diabolic* decision referenced by the Court in its show cause order—rely on the same three decisions: *LaFace Records, LLC v. Does 1–38*, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008); *Interscope Records v. Does 1–25*, 2004 U.S. Dist. Lexis 27782 (M.D. Fla. Apr. 1, 2004); *BMG Music v. Does 1–4*, 2006 U.S. Dist. LEXIS 53237, *5–6 (N.D. Cal. July 31, 2006).

However, Plaintiff's counsel has yet to encounter a severance decision that addressed the material differences between the allegations in the *LaFace-Interscope-BMG* troika and the allegations in BitTorrent copyright infringement lawsuits. In each of the *LaFace*, *Interscope* and

---

[2] Charles E. Clark, chief drafter of the Federal Rules of Civil Procedure, served on the United States Court of Appeals for the Second Circuit from 1939 to 1963, including service as Chief Judge from 1954 to 1959.

*BMG* complaints, the plaintiffs merely alleged that the defendants used the same peer-to-peer network to infringe a variety of copyrighted works. *See, e.g.,* Complaint for Copyright Infringement, ¶ 20, *LaFace Records*, No. 07-cv-00298, ECF No. 1 ("[E]ach Defendant is alleged to have committed violations of the same law (e.g., copyright law), by committing the same acts (e.g., the downloading and distribution of copyrighted sound recordings owned by Plaintiffs), and by using the same means (e.g., a file-sharing network) that each Defendant accessed via the same ISP.") Indeed, the plaintiffs there did not allege any collaboration among the defendants, much less infringement of the *same copyrighted work*.[3]   For example, in *BMG*, Doe #2 was alleged to have infringed on recordings by MC Lyte, LL Cool J, Mariah Carey and Busta Rhymes, while Doe #3 was alleged to have infringed on recordings by Ideal, Kelly Price, Mary J. Blige, Pink, SWV and Usher—no overlap whatsoever. Complaint for Copyright Infringement, Exhibit A, *BMG Music*, No. 3:06-cv-01579, ECF No. 1 ("[E]ach Defendant is alleged to have committed violations of the same law (e.g., copyright law), by committing the same acts (e.g., the downloading and distribution of copyrighted sound recordings owned by Plaintiffs), and by using the same means (e.g., a file-sharing network)

---

[3] Unlike Plaintiff in this case, the plaintiffs in *BMG*, *LaFace* and *Interscope* appropriately refrained from alleging any collaboration among the infringers. First, the infringers in those cases infringed on different files belonging to different copyright holders, which would undermine the case for collaboration. Second, the *BMG*, *LaFace* and *Interscope* cases involved the FastTrack protocol. FastTrack was an early peer-to-peer protocol utilized and made popular by a notorious digital piracy program called Grokster. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* 545 U.S. 913, 921 (2005); *see also* Jessica Wood, A Digital Copyright Revolution, XVI Rich. J.L. & Tech. 14, 21–27 (2010), http://jolt.richmond.edu/v16i4/article14.pdf (discussing evolution of file-sharing protocols from centralized networks to "semi-distributed hybrid systems, such as the FastTrack protocol" to fully-distributed protocols, such as BitTorrent, which "make collaboration [among users] mandatory"). Despite its name, FastTrack was slow and inefficient. Unlike BitTorrent, which breaks up a file into small, easily shareable pieces, FastTrack operated using whole files. Unlike BitTorrent users, who can receive many pieces of a given file from hundreds of different users, FastTrack users could only download from one person at a time. Unlike BitTorrent users, who start uploading as soon as they receive any part of the file, FastTrack users had to wait until fully completing a download before they could begin uploading. Unlike the BitTorrent protocol, FastTrack severely limited the upload—and thus, distribution—capabilities of a user because it operated using whole files, not pieces. FastTrack never had swarms that required the cooperation and concerted action of many users. It only had individuals. Therefore, the plaintiffs in the *LaFace–Interscope–BMG* troika could *only* allege violations of the same law by using the *same means*—much like the *DirectV* cases. *See, e.g.*, Complaint for Copyright Infringement, ¶ 20, *LaFace Records*, No. 07-cv-00298, 2007 WL 4717470 (Aug. 8, 2007) ("[E]ach Defendant is alleged to have committed violations of the same law (e.g., copyright law), by committing the same acts (e.g., the downloading and distribution of copyrighted sound recordings owned by Plaintiffs), and by using the same means (e.g., a file-sharing network) that each Defendant accessed via the same ISP.") It is no wonder that the courts in these other cases found these allegations to be insufficient for joinder. Through BitTorrent, on the other hand, one individual's download literally enables another's download of the same video.  The connections amongst Does in FastTrack and BitTorrent cases present entirely different joinder scenarios.

BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE        CASE NO. 11-2534 RS

that each Defendant accessed via the same ISP."). Further, the copyrights to the various recordings were held by a variety of recording companies. *Id*.

In contrast, here Plaintiff has plausibly alleged that the Doe Defendants collaborated to distribute an identical file consisting of Plaintiff's copyrighted work among one another. The contrast between the pleadings in the *LaFace-Interscope-BMG* decisions, and the pleadings in this case, could not be starker. Nevertheless, more than one court has applied the reasoning in the *LaFace-Interscope-BMG* decisions without considering the allegations of BitTorrent-based collaboration in a plaintiff's complaint. *See Diabolic Video Productions, Inc.*, 2011 WL 3100404. Plaintiff urges this Court to refrain from doing the same.

## B. Courts Must Avoid Assuming an Inquisitorial Role

The role of a court in the American judicial process is one of a neutral arbiter. *Greenlaw v. United States*, 554 U.S. 237 (2008) ("In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."); *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring) ("The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one."). Unfortunately, in many BitTorrent severance decisions, Courts have assumed an inquisitorial role.

For example, a handful of recent BitTorrent severance decisions have been premised, *inter alia*, on reasoning comparable to the following: "Given the size of swarms that Plaintiff alleges *may* occur, it is *plausible*, or even *likely*, that the named Doe Defendants never interacted with each other, even through several other intermediaries." *AF Holdings, LLC v. Does 1-97*, No. 4:11-cv-03067 (N.D. Cal. Nov. 1, 2011), ECF No. 18 at *6 (emphasis added). This passage is a classic illustration of a court assuming an inquisitorial role.

Here, the court assumed the role of an investigator by taking an excerpt from Plaintiff's general description of the BitTorrent protocol and turning it into a weakly-supported factual

BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE                    CASE NO. 11-2534 RS

conclusion (i.e. "it is likely that the named Doe Defendants never interacted with each other"). What the court might have done is allow the adversarial process to play out. If the court had done so, it would have received briefing from the then-named Defendant(s) on why the nature of the actual swarm in this particular case merits severance and then received counter-briefing from Plaintiff, not to mention declarations from technical experts, a factual record and overall a much more robust basis for making its determination. The proper role of the court at this stage of the litigation is to screen Plaintiff's complaint for frivolousness and promote the adversarial process—not to assume an inquisitorial role with respect to merits-based joinder arguments that putative Defendants *may* raise when made parties to the case.

### C. Courts Must Not Impose Unduly Rigorous Joinder Pleading Requirements to BitTorrent Copyright Infringement Lawsuits

Many severance decisions in BitTorrent copyright infringement litigation have been based on unduly rigorous joinder pleading requirements. For example, in some decisions courts have indicated that they would require a plaintiff to provide evidence (at the pleading stage) of actual data transfers among the putative defendants before allowing joinder. *See, e.g.*, *MCGIP, LLC v. Does 1-149*, 2011 U.S. Dist. Lexis 108109, at *7 (N.D. Cal.) (Beeler, Mag. J.) (finding misjoinder where the plaintiff "has failed to show that any of the 149 Doe defendants actually exchanged any piece of the seed file with one another."). This standard is unduly rigorous. *Cf Patrick Collins v. Does 1-2950*, 2011 WL 4407172, *4 (N.D. Cal. 2011) ("The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims.") (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). In other words, Plaintiff merely needs to show *some* degree of factual commonality—a rather low hurdle in light of liberal construction applied to joinder—not map out in specific detail each interaction among the various defendants. *See United States v. Mississippi*, 380 U.S. 128, 142 (1965) (reversing district court's severance of a defendants where plaintiff alleged that "registers had acted and were continuing to act as part of a state-wide system designed to [discriminate]." In a similar fashion, Plaintiff alleged, *inter alia*, that the putative defendants acted and were continuing to act as part of a

BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE          CASE NO. 11-2534 RS

1    system designed to infringe on one of its copyrighted works. (*See* Compl.) The Supreme Court did

2    not require the plaintiff in *United States v. Mississippi* to catalog each specific interaction among the

3    defendants. Nor should Plaintiff be required to do so.

4                                               **CONCLUSION**

5          For all the foregoing reasons, Plaintiff respectfully requests that the Court refrain from

6    prematurely severing Doe Defendants from this case.

7
                                          Respectfully Submitted,
8
                                          Boy Racer, Inc.
9

10   **DATED:  November 2, 2011**

11                                 By:     /s/ Brett L. Gibbs, Esq.

12                                         Brett L. Gibbs, Esq. (SBN 251000)
                                           Steele Hansmeier PLLC.
13                                         38 Miller Avenue, #263
                                           Mill Valley, CA 94941
14                                         blgibbs@wefightpiracy.com
                                           *Attorney for Plaintiff*
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              10